# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC COXRY       :   CIVIL ACTION
  *Petitioner-pro se*    :
           :   NO. 18-4152
  **v.**          :
           :
**SUPERINTENDENT SCI FOREST,** :
*et al.*          :
  *Respondents*     :

# O R D E R

  **AND NOW,** this 27ᵗʰ day of August 2019, upon consideration of the *pro se* petition for writ of *habeas corpus* filed by Petitioner Eric Coxry ("Petitioner"), pursuant to 28 U.S.C. § 2254, [ECF 1], the opposition thereto filed by Respondents, [ECF 9], the state-court record, the *Report and Recommendation* (the "R&R") issued by Chief United States Magistrate Judge Linda K. Caracappa which recommended that the Petition be denied, [ECF 14], Petitioner's *pro se* objections to the R&R, [ECF 19], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED** without an evidentiary hearing;

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**;[1]

---

[1] On September 14, 2018, Petitioner filed a *pro se* petition for writ of *habeas corpus* (the "Petition") in which he essentially alleged that all counsel representing him were ineffective. Specifically, Petitioner asserts that (1) trial counsel was ineffective for failing to timely file a post-sentence motion to withdraw his waiver of appellate rights; (2) appellate counsel was ineffective for failing to notify the trial court that it lacked jurisdiction to hold a hearing on Petitioner's untimely post-sentence motion; and (3) PCRA counsel was ineffective for failing to argue that trial counsel and appellate counsel were ineffective. Petitioner contends that counsels' ineffectiveness resulted in a judgment of sentence that violated his rights guaranteed by the Fourteenth and Sixth Amendments of the United States Constitution. [ECF 1]. The Petition was referred to the Honorable Linda K. Caracappa, Chief United States Magistrate Judge (the "Magistrate Judge") who on April 19, 2019, issued a Report and Recommendation ("R&R"), and recommended that the Petition be dismissed, as time barred. [ECF 14]. The R&R addressed the date Petitioner's conviction became final, his post-conviction filings, the statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the application of either statutory or equitable tolling, and the reasons why tolling did not apply to preserve his *habeas* claims.

Thereafter, Petitioner filed timely objections to the R&R in which he essentially argued for equitable tolling on the ground that his trial counsel failed to timely file the appeal.

The AEDPA imposes a one-year period of limitations for *habeas corpus* petitions. The time period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is statutorily tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). Courts, however, are to apply this doctrine sparingly. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). The petitioner bears the burden of proving both requirements. *Pace*, 544 U.S. at 418; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

After conducting a *de novo* review of Petitioner's objections, this Court finds that the Magistrate Judge correctly found that the Petition was untimely filed and was not entitled to either statutory or equitable tolling. [ECF 15 at 5-8]. Though Petitioner objects to the findings and argues that he is entitled to equitable tolling because he was diligent after trial counsel failed to file a timely appeal, his assertions lack merit. These arguments were reviewed by the Magistrate Judge and were correctly rejected. Specifically, the Magistrate Judge carefully outlined the timeline for filing a *habeas* petition, calculated the deadline for Petitioner to file his Petition, and concluded that the Petition was untimely by almost four years. As to the issue of equitable tolling, the Magistrate Judge found that trial counsel's failure to timely file a post-sentence motion requested by Petitioner constituted "extraordinary circumstances," and that trial counsel's failure in this regard prevented Petitioner from filing a timely *habeas* petition. However, the Magistrate Judge explained that Petitioner knew on December 22, 2014, when the Superior Court quashed his appeal, that the post-sentence motion had been untimely filed, and that, even liberally assuming that the AEDPA one-year time period commenced on that date, the *habeas* petition was still untimely since Petitioner did not file this Petition until September 14, 2018—more than three years later. Though Petitioner attempts to justify this delay, his argument is unpersuasive and lacking in legal merit. His lack of diligence, as described by the Magistrate Judge, forecloses the application of equitable tolling. *See Pace*, 544 U.S. at 419 (declining to equitably toll the *habeas* period of limitations because the petitioner delayed filing by five months).

Petitioner also cites to § 2244(d)(1)(D) to support the timeliness of his Petition. This provision provides that the one-year period of limitation shall apply from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As noted, the Magistrate Judge liberally and favorably applied the date of December 22, 2014, as the date Petitioner's claim of ineffective assistance of counsel was "discovered." Thereafter, Petitioner failed to exercise due diligence needed to toll the one-year period of limitation. This Court finds that the Magistrate Judge did not err in this analysis.

This Court has also reviewed the pertinent portions of the record *de novo* and finds that no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved in its entirety, Petitioner's objections are overruled, and his Petition is dismissed.

4. No probable cause exists to issue a certificate of appealability;[2] and

5. The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[2]      Petitioner requested, in the alternative, that a certificate of appealability be issued.  A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).  For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right.  Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong."  *Slack,* 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.